E-FILED
Thursday, 24 August, 2006  03:58:54 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DOUGLAS EDWARD ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 06-1016 |
| | ) | |
| RICK V. VEACH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

This matter is before the Court on Petitioner, Douglas Allen's("Allen"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the Petition [#1] is DENIED.

### Factual and Procedural Background

In 1995, Allen was sentenced to 10 years' imprisonment for possession of a controlled substance in Dallas County, Texas.  Although he was paroled in April 1999, he was returned to custody for violating his parole in February 2000.  Allen was paroled for the second time on June 28, 2001.

In December 2001, Allen was arrested for theft in Tarrant County, Texas, and another parole violation warrant issued.  On April 17, 2002, he was indicted for bank robbery in the Northern District of Texas.  Allen was transferred to the U.S. Marshals on April 29, 2002, on a writ of habeas corpus ad prosequendum.  He was sentenced to 60 months' imprisonment on the federal charges on November 4, 2002.  On November 6,

2002, Allen was returned to the state facility for resolution of the Tarrant County theft charges and was subsequently sentenced on those charges.

On August 29, 2003, Allen was released from Texas state custody to the Bureau of Prisons, and his federal sentence began to run.  He arrived at FCI Pekin on October 29, 2003, for service of his 60-month federal sentence.

On August 25, 2004, Allen filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he argued that he should be given credit toward his federal sentence for time served in jail prior to being placed at FCI Pekin.  His motion was dismissed as time-barred on September 13, 2004.  On November 14, 2005, Allen filed another § 2255 motion, which was dismissed as successive on November 16, 2005.

Allen has now filed the instant § 2241 Petition in which he argues that he has been improperly denied pre-sentence credit in computing his sentence.  The Government has filed its response, and this Order follows.

**Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his/her confinement.  Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

Here, Allen argues that he is entitled to credit against his federal sentence for time he served in jail prior to being sentenced.  He asks the Court to order that his federal

2

sentence be served concurrent with his state sentence and order the BOP to recalculate his 60-month sentence.   For the reasons set forth below, the Court agrees with the Government that Allen's interpretation of his sentence calculation is incorrect.

First, Allen argues that his federal sentence should be served concurrently with his state court sentence.   "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584.  Allen's argument is clearly without merit, as his Tarrant County sentence was not imposed for almost four months after he was sentenced in the Northern District of Texas. As such, the district judge could not have ordered the sentence to be served concurrently with a sentence that did not yet exist.  *See* Romandine v. United States, 206 F.3d 731, 737-38 (7th Cir. 2000).

Allen next argues that he has been improperly denied credit for time spent in custody prior to sentencing.  Generally, a federal sentence commences on the date of sentencing. United States v. Wilson, 503 U.S. 329, 333 (1992).  However, when a prisoner is in state custody at the time and is produced to federal court via a writ of habeas corpus ad prosequendum, the federal sentence does not automatically commence on the date of sentencing, but rather on the date that the defendant is received into custody awaiting transportation to the official detention facility at which the sentence is to be served.  18 U.S.C. § 3585(a); Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).  Accordingly, Allen's federal sentence did not begin to run until August 29, 2005, when he was paroled from his state sentence to the custody of the BOP.

Under 18 U.S.C. § 3585(b), a federal prisoner may receive credit for time served in custody prior to sentencing that has not been credited against another sentence, and may

3

also be credited for time spent in non-federal presentence custody that began on or after the date of the federal offense up to the date that the first served sentence begins to run. *See* United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) (finding that under § 3585(b), the Bureau is prohibited from giving credit for presentence custody when that credit has been applied against another sentence.)

Here, the record establishes that Allen received credit against his Texas state sentence for all of the time spent with the U.S. Marshals pursuant to the writ of habeas corpus ad prosequendum. While he may have physically been in the custody of the U.S. Marshals during the time between his federal arraignment and sentencing, he clearly remained in the legal custody of the State of Texas and received proper credit for this time against his state sentence. *See* Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989). As the credit sought by Allen represents time that was credited to his state sentence, the Bureau is prohibited from giving him any additional credit for this time under § 3585(b). He has therefore failed to demonstrate that he is entitled to the relief requested in his petition.

## Conclusion

For the foregoing reasons, Allen's § 2241 Petition [#1] is DENIED. This matter is now TERMINATED.

ENTERED this 24th day of August, 2006.


          s/ Michael M. Mihm
          Michael M. Mihm
        United States District Judge

4